## JOE ZOLL v. STATE.

No. A-6836. Opinion Filed Nov. 23, 1929.
Rehearing Denied Dec. 14, 1929.
(282 Pac. 901.)

Harry Blake and John Adams, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, for convenience referred to as the defendant, was convicted in the county court of Logan county upon a charge of possession of six pints of red corn liquor, with the willful,

unlawful, and wrongful intent to violate the prohibitory laws, and was sentenced to pay a fine of $150 and to be imprisoned in the county jail for 60 days, from which judgment the defendant has appealed to this court.

The testimony on behalf of the state tends to show that T. W. Boggess, together with other parties, went to the home of the defendant with a search warrant and searched his place, and as shown by the testimony of the state found six pints of red corn whisky.

Mrs. Zoll, the wife of the defendant, called as a witness on behalf of the defendant, testified:

"I had the whisky; I was using it for my health; I made toddies out of it, and it required about two tablespoonfuls of whisky to each toddy; I have nervous spells, and I have taken everything, but it seems like this hot toddy does me more good than anything; I have used it all my life."

Five errors alleged to have been committed by the trial court are assigned by the defendant. The first, second, and third are as follows:

"1. Said court erred in overruling the motion of plaintiff in error for a new trial.

"2. Said court erred in giving the following instruction, which was No. 4, to the jury: You are further instructed, that the keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor, medicated or not, which contains as much as one-half of one per cent. alcohol and which is capable of being used as a beverage or in any manner permitting any other person to have, or keep any such liquor in or about his place of business, or his residence, or his place of amusement, or recreation, or any public resort, or any club room, shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquor.

"Provided further, that this section shall not be construed in any way, to legalize the keeping of any liquor for unlawful purposes irrespective of the amount.

"3. The court erred in giving the following instruction, which was No. 6, to the jury:

"If you are convinced by the evidence beyond a reasonable doubt, that the defendant Joe Zoll, did, on or about the 8th day of January, 1927, have in his possession and under his control six pints of red liquor, testing more than one-half of one per cent. alcohol, and with the wilful, unlawful and wrongful intent to violate the prohibitory liquor laws of the state of Oklahoma, then your verdict should be for conviction. If, on the other hand, the state failed to satisfy your minds beyond a reasonable doubt, that the defendant did have possession of said intoxicating liquor, as charged in the information, then you should give him the benefit of the doubt and acquit him."

The wife of the defendant testified that the whisky found by the officers she had for her health, and was using it to make hot toddies. Whether her story was true was a question of fact for the jury. By the verdict the jury apparently decided the issue of fact against defendant.

It is contended by the defendant in his appeal that the verdict of the jury was probably due to erroneous instructions given by the court, particularly instructions Nos. 4 and 6, supra. The court in his instruction No. 4 told the jury that the keeping of more than one quart of any spirituous, vinous, fermented, or malt liquors, or any imitation thereof, whether medicated or not, which contained as much as one-half of 1 per cent. alcohol, and which is capable of being used as a beverage, shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquor.

Instructions Nos. 4 and 6, complained of by the defendant, are not models, and considered alone would not clearly state the law, but, when considered in connection with the other instructions given by the court, are sufficient to properly instruct the jury as to the law when applied to the facts in this case. There are other errors assigned which are without merit.

The evidence is sufficient to show possession and to sustain the judgment. Finding no prejudicial errors in the record, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.